## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 23 2017, 7:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David D. Becsey
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony LaRussa, *Appellant-Defendant,* | August 23, 2017 |
| | Court of Appeals Case No. 49A02-1703-CR-619 |
| *v.* | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Hon. Kurt M. Eisgruber, Judge |
| | Trial Court Cause No. 49G01-1402-MR-9082 |

**Bradford, Judge.**

# Case Summary

On February 20, 2014, Appellant-Defendant Anthony LaRussa, Kenneth Rackemann, Samantha Bradley, and Valencia Williams formed a plan to rob Walter Burnell, who was dealing drugs out of an Indianapolis house. Rackemann went to the house with a gun provided by LaRussa, while Bradley and Williams waited in the car. Inside the house were Burnell, Hailey Navarra, Jacob Rodemich, Kristy Sanchez, and one other person.

Rackemann pulled the gun on Burnell and, when Burnell indicated that he was not going to give him anything, shot Burnell, killing him. Rackermann then shot Rodemich and Sanchez, killing them, and wounded Navarra, who was then killed by Williams. LaRussa ultimately pled guilty to Class A felony conspiracy to commit robbery, and trial court sentenced him to forty-four years of incarceration. LaRussa contends that his sentence is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

In early 2013, LaRussa met Matthew Fendley while the two were incarcerated. Later that year, Fendley was released from prison and reconnected with LaRussa in Indianapolis. LaRussa took Fendley to a residence at 3432 South Parker Avenue and introduced him to Burnell. According to Fendley, Burnell was selling methamphetamine, heroin, marijuana, and prescription pills from

3432 South Parker, and Fendley eventually came to work there providing security along with Rackemann.

[4] On February 20, 2014, LaRussa, Rackemann, Bradley, and Williams formed a plan to rob Burnell. Rackemann was to go to 3432 South Parker, offer to sell Burnell some methamphetamine, wait until Burnell opened a safe, and rob him. To that end, LaRussa provided Rackemann, who was high at the time on an unknown drug, with a black revolver. Later that day, Fendley and Navarro were dropped off at 3432 South Parker and, not long after, received a telephone call from Rackemann, who told Fendley that he, Bradley, and Williams were coming over to sell Burnell some methamphetamine. In addition to Burnell, Fendley, and Navarra, Rodemich and Sanchez were also inside 3432 South Parker when Rackemann arrived. Rackemann went inside and left Bradley and Williams in the car.

[5] Once inside, Rackemann pulled LaRussa's black revolver on Burnell and attempted to rob him. When Burnell told Rackemann that he would not give him anything and that Rackemann would have to shoot him, Rackemann did, once in the chest, killing Burnell. Rackemann then found Rodemich and Sanchez and shot them both in the head, killing them. Rackemann also shot Navarra in the neck, wounding her. Williams came into the house when Rackemann ran out of ammunition and shot Navarra several times, killing her as well.

On February 27, 2014, the State charged LaRussa with four counts of murder, Class A felony robbery, and Class A felony conspiracy to commit robbery. On February 22, 2017, pursuant to a plea agreement, LaRussa pled guilty to Class A felony conspiracy to commit robbery. On March 2, 2017, the trial court sentenced LaRussa to forty-four years of incarceration, with forty to be served in the Department of Correction and four to be served in community corrections. The trial court found LaRussa's guilty plea and remorse to be mitigating factors that were nonetheless far outweighed by his criminal history and the facts, circumstances, and foreseeability of the crime.

# Discussion and Decision

## Appropriateness of Sentence

LaRussa contends that his enhanced sentence is inappropriately harsh. We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the

severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). LaRussa pled guilty to Class A felony, which has a sentencing range of twenty to fifty years of incarceration, with the advisory sentence being thirty years.[1] *See* Ind. Code § 32-50-2-4(a). As mentioned, the trial court imposed an enhanced sentence of forty-four years.

[8]     The nature of LaRussa's offense justifies an enhanced sentence. While LaRussa may not have intended the deaths of Burnell, Navarra, Rodemich, and Sanchez, he was heavily involved in the plan to commit armed robbery of Burnell, a person known to be an armed drug dealer. In addition to hatching a detailed plan for the robbery, LaRussa provided Rackemann—who was high on drugs at the time—with a firearm. Under the circumstances, the bloody and tragic consequences of this incredibly ill-conceived plan were entirely foreseeable. LaRussa's role in planning an attempted armed robbery that predictably turned into a quadruple murder justifies his enhanced sentence.

---

[1] LaRussa also notes that recent amendments to the robbery statute have changed the maximum sentence from fifty to forty years and argues that they reflect a change in public policy that should, presumably, result in a sentence reduction. "Generally speaking, the sentencing statutes in effect at the time the defendant committed the offense govern the defendant's sentence." *Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014), *trans denied*. LaRussa does not explain why his case should be an exception to the general rule.

[9]     LaRussa's character also fully justifies an enhanced sentence. LaRussa accumulated the following juvenile record beginning in 2001 at the age of 11: (1) a 2001 adjudication for theft, diversion failed, substance abuse treatment failed, probation violation; (2) a 2001 adjudication for burglary, violation found true; (3) a 2002 adjudication for auto theft and resisting law enforcement, violation found true; and (4) a 2003 adjudication for auto theft, resisting law enforcement, and fleeing law enforcement. LaRussa has the following prior adult criminal record: (a) 2005 convictions for Class C felony burglary and Class D felony auto theft, three probation revocations resulting in DOC placement; (2) a 2010 conviction for Class A misdemeanor battery; (3) a 2011 conviction for Class C felony carrying a handgun without a license, corresponding violation of community corrections and probation, probation revoked; and (4) 2013 felony convictions for possession of cocaine and a firearm. In summary, LaRussa incurred his first juvenile arrest at age eleven and first adjudication at age fourteen, has numerous felony convictions and adjudications, has been arrested seventeen times as an adult, and has committed numerous violations of the terms of community corrections and probation. Despite LaRussa's extensive criminal history, he has not chosen to reform himself.

[10]    LaRussa points to his guilty plea and stated remorse as points in his favor. LaRussa's decision to plead guilty, however, was almost certainly a pragmatic one, as he stood to benefit greatly from his plea, to say the very least. In exchange for LaRussa's guilty plea to one Class A felony, the State agreed to

drop four murder charges and another Class A felony charge and not pursue a habitual offender enhancement or a life without parole enhancement. As for LaRussa's remorse, we cannot say that it even comes close to defining LaRussa's overall character to the extent that his extensive criminal history does. LaRussa has failed to establish that his forty-four-year sentence is inappropriate.

[11] We affirm the judgment of the trial court.

May, J., and Barnes, J., concur.